UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| THEODORE J. SOPKO, | * | CHAPTER 7 |
|     Debtor | * | |
| | * | Case No. 1-04-06133 |
| RAYMOND E. DIEHL and | * | |
| GENEVIEVE DIEHL, | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | Adv. No. 1-05-00045 |
| | * | |
| THEODORE J. SOPKO, | * | |
|     Defendant | * | |

## OPINION

### Procedural History

Before the Court is Plaintiffs' motion for summary judgment on an adversary complaint filed against Theodore Sopko ("Debtor") under 11 U.S.C. §§523 and 727. Citing Section 523(a)(2), Plaintiffs allege that Debtor obtained a line of credit from them under false pretenses or actual fraud and that he failed to repay a substantial portion of the loans he obtained. Plaintiffs allege, therefore, that the debt should be found to be nondischargeable.

Before the filing of the instant petition, Plaintiffs filed suit in state court to recover the amounts loaned to Debtor. Plaintiffs allege that in the course of discovery in the state court action, Debtor failed to produce certain business-related documents. Based on this allegation, Plaintiffs assert that Debtor concealed, destroyed or failed to keep or preserve documents from which his financial condition or business transactions might be ascertained, thus providing grounds under Section 727(a)(3) to deny Debtor a discharge. The instant motion asserts that there are no genuine issues of material fact, and that Plaintiffs are entitled to judgment as a

1

matter of law. The relevant pleadings now before the Court consist of the complaint and Debtor's answer, the instant motion and Plaintiff's answer, and statements of material facts. The matter is ready for decision.[1]

### Discussion

Rule 56 of the Federal Rules of Civil Procedure, made applicable to a bankruptcy case by virtue of Federal Rule of Bankruptcy Procedure 7056, provides that an order granting summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I will review Plaintiffs' submissions and the relevant statutory provisions to determine whether Plaintiffs are entitled to judgement in their favor.

One of the primary purposes of the Bankruptcy Code is to afford debtors a fresh start. Therefore, statutory exceptions to discharge are to be interpreted narrowly in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Pelkowski*, 990 F.2d 737, 744 (3d Cir. 1993). In pertinent part, Section 523(a)(2) prohibits the discharge of debts "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation or actual fraud." Courts examining debts for nondischargeability under this paragraph have required proof of the following facts: (1) that debtor made a false representation; (2) that debtor knew at the time the representation was made that it was false; (3) that the representation was made with intent to deceive the creditor; (4) that the creditor reasonably

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

relied on the representation; (5) that the creditor sustained injury as a proximate result of the making of the representation; and (6) that debtor obtained, either directly or indirectly, property, services, or extension, renewal, or refinancing of credit. *In re Verhelst,* 170 B.R. 657, 660 (Bankr. W.D. Ark. 1993); *In re Fritz,* 88 B.R. 434, 435 (Bankr. S.D. Fla. 1988)). *See also*, *In re Young,* 91 F.3d 1367, 1373 (10th Cir.1996); *In re Rossiter*, 2002 WL 31987288, *1 (Bankr.E.D.Pa.).

In the instant case, Plaintiffs' complaint appears to assert that Section 523(a)(2) applies to their debt because Debtor falsely represented that he intended to repay the funds he borrowed. Plaintiffs' proof that Debtor's representation was a falsehood is simply that Debtor did not repay the loans. "A substantial number of bankruptcy debtors incur debts with hopes of repaying them that could be considered unrealistic in hindsight. This by itself does not constitute fraudulent conduct warranting non-discharge." *In re Eashai*, 167 B.R. 181, 185 (9th Cir. BAP 1994). For purposes of the fraud exception to discharge under Section 523(a)(2), a debtor's subsequent failure to repay credit is, without more, "clearly insufficient" to prove that there was no intent to perform when the loan was taken. *In re Murphy*, 190 B.R. 327 (Bankr. N.D. Ill. 1995)

Moreover, Debtor denies that he made any false representations to Plaintiffs. He also denies that he knew at the time of the loans that his representations concerning repayment were false or that he made the representations with the purpose of deceiving Plaintiffs. Both of these elements must be proven under Section 523(a)(2) by a preponderance of evidence. *See Rossiter*, at 3. Thus, Plaintiff's motion for summary judgment on their complaint to except from discharge under Section 523 the loans they made to Debtor must be denied.

A similar result obtains regarding Plaintiff's case under Section 727, for similar reasons.

Under Section 727, Plaintiffs must prove, *inter alia*, that Debtor destroyed, concealed, or failed to maintain records with intent to hinder, delay or defraud them. "[Q]uestions involving a person's state of mind are generally inappropriate for resolution by summary judgment." *In re Sowers*, 229 B.R. 151, 159 (Bankr. N.D. Ohio 1998) (citing *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir.1985)). Because Plaintiffs must prove Debtor's intent regarding his record-keeping and failure to produce records, summary judgment regarding the denial of discharge under Section 727 must be denied.

An appropriate order will be entered.

*BY THE COURT,*

*Mary D. France*
Bankruptcy Judge

*Date: September 19, 2005*

This electronic order is signed and filed on the same date.